UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

DOUGLAS E. BELLOWS, on behalf of )    Case No. 3:07-cv-01413-W-AJB
himself and all others similarly situated, )
                            )    **FED. R. CIV. P. 53(f) REPORT**
         Plaintiff,     )    **AND RECOMMENDATION**
                            )    **REGARDING THE APPROVAL**
  -against-          )    **OF THE CLASS ACTION**
                            )    **SETTLEMENT AGREEMENT AND**
NCO FINANCIAL SYSTEMS, INC.,  )    **[PROPOSED] ORDER**
                            )
         Defendant.    )
———————————————————)

## I. INTRODUCTION

On August 14, 2008, the parties in the above-referenced class action lawsuit (hereinafter referred to as the "Lawsuit") entered into a Class Action Settlement Agreement (hereinafter referred to as the "Agreement"). The parties now seek preliminary certification of a national class of plaintiffs for settlement purposes, preliminary approval of the proposed class action settlement, and preliminary approval of the class action notices. Pursuant to Fed. R. Civ. P. 53, the undersigned Special Master recommends that the Court grant the requested relief and preliminarily certify the national class of plaintiffs for settlement purposes, preliminarily approve the class action settlement, and preliminarily approve the class action notices.

## II. FACTS AND PROCEDURAL HISTORY

On August 2, 2007, plaintiff, Douglas E. Bellows (hereinafter referred to as

1

Fed. R. Civ. P. 53(f) Report and Recommendation         Case No. 3:07-cv-01413-W-AJB
Regarding the Approval of the Class Action Settlement
Agreement and [Proposed] Order

"Plaintiff" or "Class Representative"), filed this Lawsuit against defendant, NCO Financial Systems, Inc. (hereinafter referred to as "NCO"), an international debt collection company. Plaintiff asserted class claims against NCO under the Telephone Consumer Protection Act (hereinafter referred to as the "TCPA"), 47 U.S.C. § 227. Specifically, Plaintiff alleged that NCO violated the TCPA by calling his cellular telephone, without "prior express consent," using an "automatic telephone dialing system" and using an "artificial or prerecorded voice." On behalf of himself and others similarly situated, Plaintiff asserted 2 TCPA claims against NCO. First, Plaintiff alleged that NCO committed negligent violations of the TCPA. For this first claim, and on behalf of himself and the putative class, Plaintiff sought $500 per violation and injunctive relief under 47 U.S.C. § 227(b)(3)(B).

Second, Plaintiff alleged that NCO committed knowing and/or willful violations of the TCPA. For this second claim, Plaintiff sought for himself and the putative class $1,500 per violation and injunctive relief under 47 U.S.C. § 227(b)(3)(B) and § 227(b)(3)(C). Plaintiff also alleged that the Court had jurisdiction under 28 U.S.C. § 1332, per the Class Action Fairness Act of 2005 (hereinafter referred to as "CAFA"), Pub. L. No. 109-2, 119 Stat. 4, because the aggregate amount of the class claims exceeded $5 million.

In an attempt to settle the Lawsuit, the parties participated in extensive settlement discussions and 3 all day mediation sessions before the undersigned on

Fed. R. Civ. P. 53(f) Report and Recommendation
Regarding the Approval of the Class Action Settlement
Agreement and [Proposed] Order

Case No. 3:07-cv-01413-W-AJB

1  September 19, 2007, October 16, 2007, and December 6, 2007.

2      On December 27, 2007, at the parties' request, the Court appointed the
3  undersigned to serve as a Special Master per Fed. R. Civ. P. 53. The undersigned was
4
5  appointed to assist with all settlement issues, including issuing necessary reports and
6  recommendations on proposed findings and orders in the case.

7      In addition to the mediation sessions described above, NCO counsel and
8  plaintiff counsel report that they had numerous telephone conferences, several in-
9
10  person meetings, and exchanged numerous emails regarding settlement. Through the
11  mediation sessions, telephone conferences, meetings, and emails, the parties reached a
12  settlement on August 14, 2008, which is memorialized in the Agreement attached as
13  Exhibit 1.
14
15      On August 29, 2008, the parties filed their Joint Motion for Preliminary
16  Approval of Class Action Settlement Agreement (hereinafter referred to as
17  "Preliminary Approval Motion"). In compliance with CAFA, on September 4, 2008,
18  NCO served written notice of the proposed class settlement on the Attorney General of
19
20  the United States and attorney generals of each state.

21      Pursuant to their Preliminary Approval Motion, the parties now seek
22  preliminary certification of the national class of plaintiffs for settlement purposes;
23
24  preliminary approval of the proposed class action settlement, including entry of the
25  [Proposed] Order of Preliminary Approval of Class Action Settlement (hereinafter
26

27
                                            3
28  Fed. R. Civ. P. 53(f) Report and Recommendation          Case No. 3:07-cv-01413-W-AJB
    Regarding the Approval of the Class Action Settlement
    Agreement and [Proposed] Order

referred to as the "Preliminary Approval Order"), attached as Exhibit 2; and,

preliminary approval of the proposed class action notices.

### III. THE PROPOSED SETTLEMENT

The significant terms of the proposed settlement are the following:

*A. Class Certification*

For settlement purposes only, and pursuant to Fed. R. Civ. P. 23(b)(2) and

(b)(3), the parties seek preliminary certification of the following national class of

plaintiffs (hereinafter referred to as the "Class Members"):

> All natural and juridical persons within the United States who were
> called by NCO, without prior express consent, on their paging service,
> cellular telephone service, mobile radio service, radio common carrier
> service, or other service for which they were charged for the call,
> through the use of any automatic telephone dialing system (including an
> automated dialing machine, dialer, and auto-dialer) or artificial or
> prerecorded voice, between August 2, 2003 and the date the Order of
> Preliminary Approval of Class Action Settlement is entered by the
> Court.  The Class Members shall not include any officer, director,
> attorney, or heir or assign of NCO.  Further, the Class Members shall not
> include any judicial officer or juror who may consider this case.

Exhibit 1, Agreement, at ¶¶ 1(A) & 3.

*B. Class Representative and Class Counsel Appointment*

For settlement purposes, the parties request that Plaintiff be appointed as the

Class Representative for the Class Members and the law firms of HYDE & SWIGART

and the LAW OFFICES OF DOUGLAS J. CAMPION be appointed as counsel for the

Class Members (hereinafter referred to as "Class Counsel"). *Id.* at ¶ 4.

4

Fed. R. Civ. P. 53(f) Report and Recommendation
Regarding the Approval of the Class Action Settlement
Agreement and [Proposed] Order

Case No. 3:07-cv-01413-W-AJB

### C. Third-Party Class Action Administrator

The parties propose using Gilardi & Co. LLC (hereinafter referred to as "Gilardi"), a third-party class action administrator, to assist in the management of this class action. *Id.* at ¶ 9(A). Gilardi's responsibilities will include, but will not be limited to, fielding inquiries about the settlement, processing claims, acting as a liaison between claimants and NCO regarding qualifying information, and directing the mailing of settlement payments to claimants. *Id.*

### D. Class Action Notices

The parties propose 2 forms of class action notice:

*1. Published/Summary Notice* – NCO will publish a summary notice of the proposed class settlement in 2 consecutive Monday editions of the USA Today, with national distribution. *Id.* at ¶ 10(A). The summary notice will direct Class Members to a website (hereinafter referred to as the "Settlement Website") to obtain information regarding the case and proposed class settlement. *Id.* The summary notice will also include the toll-free telephone number for the "Settlement Call Center," (described below) which will be run by Gilardi and receive calls regarding claims for a $70 settlement check. *Id.* The summary notice will be in substantially the form attached to the settlement Agreement as Exhibit 5.

*2. Website/Full Notice* – NCO will also post on the Settlement Website a detailed notice, explaining the case, proposed settlement, and each Class Member's

5

Fed. R. Civ. P. 53(f) Report and Recommendation
Regarding the Approval of the Class Action Settlement
Agreement and [Proposed] Order

Case No. 3:07-cv-01413-W-AJB

1   options. *Id.* at ¶ 10(B). The full notice will be in substantially the form attached to the

2   settlement Agreement as Exhibit 6.

3   **E.  *Settlement Payment to Class Members***

4

5     ***1. Settlement Call Center*** – As noted, the Settlement Call Center will be run by

6   Gilardi, the third-party administrator. Claimants, potential claimants, or persons with

7   questions about the settlement may call the Settlement Call Center's toll-free number

8   from anywhere within the U.S. to ask questions of the third-party administrator about

9

10  the settlement, and to provide information to make a claim.

11    The Settlement Call Center will receive calls at its toll-free number from 8:00

12  A.M. to 6:00 P.M. (EST), or at such times as Gilardi deems necessary for 60 days after

13  the last summary notice is published. *Id.* at ¶ 11(B). Class Members may make a

14

15  claim for 45 days after the last summary notice is published. For the last 15 of the 60

16  days, individuals calling the toll-free number will be advised by a live person or

17  recorded message that the time period for making a claim has passed. *Id.*

18    ***2. Settlement Checks*** – Each Class Member who makes a timely and accepted

19

20  claim shall be entitled to receive a $70 settlement check, *except* if the aggregate

21  amount to be paid to Class Members making a timely accepted claim exceeds

22  $950,000, NCO shall pay a pro rata share of the $950,000 to each such Class Member,

23  as determined at the end of the "claims period." *Id.* at ¶ 11(B)(iii).

24

25    ***3.  Making a Claim*** – In order to make a claim for a settlement check, a Class

26

27

28

6

Fed. R. Civ. P. 53(f) Report and Recommendation        Case No. 3:07-cv-01413-W-AJB
Regarding the Approval of the Class Action Settlement
Agreement and [Proposed] Order

Member must: (a) call the Settlement Call Center during the 45-day claim window following publication of the last summary notice in the USA Today, and during the center's hours of operation, and speak with an attendant to process his or her claim; and (b) provide the following identifying information to the attendant—(i) full name; (ii) complete address; (iii) the pager, cell, or mobile number called; and, (iv) if known, the related account number NCO called about. *Id.* at ¶ 11(B)(i). If the Class Member does not know his or her NCO account number, then the Class Member must provide his or her social security number. *Id.* Further, the Class Member must affirm orally to Giradi, subject to penalty of perjury, that he or she was called by NCO on his or her pager, cell, or mobile number during the approximate 4-year applicable time period. *Id.* None of the information gathered during this claim process will be used for any collection purpose. *Id.*

*4. Claim Review Process* – Each Class Member who does not exclude himself or herself from the class and who makes a timely claim as set forth above, shall be entitled to receive a settlement check if NCO's records confirm that NCO called the referenced phone number during the approximate 4-year applicable time period. *Id.* at ¶ 11(B)(ii). No claims may be denied by NCO on the basis that consent was given to make the call. *Id.* If NCO denies a claim because its records do not show that the referenced number was called and Class Counsel disagrees with the claim denial, then the parties shall attempt to settle the claim dispute informally and, if they are unable to

Fed. R. Civ. P. 53(f) Report and Recommendation
Regarding the Approval of the Class Action Settlement
Agreement and [Proposed] Order

Case No. 3:07-cv-01413-W-AJB

do so, then the claim shall be reviewed and decided by the undersigned Special Master at such time and place to be agreed upon by the parties. *Id.* The Special Master's ruling on the claim shall be binding on all parties and Class Members and shall be non-appealable. *Id.*

**F. Cy Pres Award**

Pursuant to the proposed settlement, NCO will make a *cy pres* award of at least $50,000 to a mutually agreed-upon organization. *Id.* at ¶ 11(C). The parties agree that the *cy pres* award may not be given to any organization who advises consumers on how to file lawsuits against debt collectors, or who represents consumers in filing lawsuits against debt collectors. *Id.* Further, the *cy pres* award is subject to increase. *Id.* If NCO is obligated to spend *less than* $150,000 on timely made and accepted claims, then the *cy pres* award will be *increased* by the difference between $150,000 and the amount NCO is obligated to spend on timely made and accepted claims. *Id.* For example, if NCO is obligated to spend $100,000 on timely made and accepted claims, then NCO shall increase the *cy pres* award by $50,000 ($150,000 - $100,000 = $50,000), with the total *cy pres* award being $100,000. *Id.*

**G. Injunction**

NCO has agreed to a 12-month stipulated injunction. *Id.* at ¶¶ 11(D)-(G). Pursuant to the proposed injunction, NCO will be required to (i) conduct regular training sessions with all NCO debt collectors to ensure that they understand their obligation to stop calling a consumer's cell phone or other wireless number when requested by the consumer; (ii) revise its FDCPA collector testing materials to include

8

Fed. R. Civ. P. 53(f) Report and Recommendation                    Case No. 3:07-cv-01413-W-AJB
Regarding the Approval of the Class Action Settlement
Agreement and [Proposed] Order

1  questions regarding a collector's obligation to stop calling a consumer's cell phone or
2  other wireless number when requested by the consumer; and, (iii) use its best efforts to
3  ensure that all existing and newly hired NCO debt collectors execute an
4  acknowledgement confirming their understanding of their obligation to stop calling
5  cell or wireless numbers upon request. *Id.* at ¶ 11(D).
6  
7  Pursuant to the injunction, NCO will also be required to submit proof of
8  compliance with the injunction to Class Counsel by way of providing the training and
9  testing materials used in the training upon the commencement of such training. *Id.* at ¶
10  11(E). NCO shall submit to Class Counsel and Special Master Hoffman 1 interim
11  report after 6 months, detailing the status of the implementation of the injunction.
12  Furthermore, a declaration of the responsible person at NCO for ensuring compliance
13  with the training requirements of the injunction must be provided upon completion of
14  the training. *Id.* Class Counsel shall be provided such other documentation of
15  compliance as they might deem necessary to confirm compliance, upon request,
16  subject to either party seeking review by the Special Master Hoffman as to the
17  reasonableness of the request(s). *Id.*
18  At the end of the 12-month injunction, NCO shall submit to Class Counsel a
19  declaration from its training coordinator confirming that training was provided on a
20  regular basis during the 12-month injunction term. *Id.* at ¶ 11(F). Further, at the end
21  of the 12-month period, NCO shall also submit to Special Master Hoffman an

9

Fed. R. Civ. P. 53(f) Report and Recommendation          Case No. 3:07-cv-01413-W-AJB
Regarding the Approval of the Class Action Settlement
Agreement and [Proposed] Order

1    exemplar of the revised FDCPA testing materials to confirm NCO's compliance with ¶

2    2 of the injunction. *Id.*

3        During the 12-month term of the stipulated injunction, both NCO and Plaintiff

4    
5    have the right to seek relief from, or modification of, the injunction based upon an

6    unfair burden on the business, or a change in the law.  Any request for alteration or

7    modification of the injunction shall be made to Special Master Hoffman.  *Id.* at ¶

8    
9    11(F).  Any alteration or modification of the injunction shall not extend the length of

10   the 12-month injunction.  *Id.*  Any alteration or modification in the injunction shall

11   only apply prospectively for the remainder of the 12-month injunction.  *Id.*  The

12   stipulated injunction will lapse and expire 12 months after it is entered by the Court

13   
14   and will be in substantially the form attached to the settlement Agreement as Exhibit 7.

15   ***H.  Class Representative Payment***

16       Pursuant to the proposed settlement, Plaintiff will receive $1,000, in recognition

17   of his service as the Class Representative.  *Id.* at ¶ 11(A).

18   
19   ***I.  Class Counsel's Attorneys' Fees, Costs, and Expenses***

20       Pursuant to the proposed settlement, Class Counsel will file an application for

21   attorneys' fees, costs, and expenses in an amount not to exceed $300,000.  *Id.* at ¶ 30.

22   NCO will not object to the fee, cost, and expense application, so long as the

23   
24   application does not seek more than $300,000.  *Id.*

25   
26   
27   
28   

Fed. R. Civ. P. 53(f) Report and Recommendation          Case No. 3:07-cv-01413-W-AJB
Regarding the Approval of the Class Action Settlement
Agreement and [Proposed] Order

*J.  Exclusions and Objections*

Under the proposed settlement, each Class Member will have 45 days to exclude himself or herself from the proposed class action settlement, *i.e.*, "opt-out." *Id.* at ¶¶ 13-15.  Likewise, each Class Member will have 45 days to object to the proposed settlement. *Id.* at ¶¶ 16-18.

## IV.  DISCUSSION

*A.  The Fed. R. Civ. P. 23(a) Requirements Are Satisfied*

"[Fed. R. Civ. P. 23(a)] provides that a court should certify a class only if the following prerequisites are met:  (1) the class is too numerous, making joinder of the parties impracticable; (2) common questions of law or fact exist among the class members; (3) the claims of the class representatives are typical of the claims of the class; and (4) the class representatives will adequately represent the interest of the class." *Walters v. Reno*, 145 F.3d 1032, 1045 (9th Cir. 1998).

This Lawsuit satisfies the Fed. R. Civ. P. 23(a) prerequisites.  Each Fed. R. Civ. P. 23(a) factor is considered in turn.

*1.  Numerosity*

Fed. R. Civ. P. 23(a)(1) requires that the class be "so numerous that joinder of all members is impracticable."

In my judgment, the numerosity requirement is met here.  Although the exact number of Class Members is unknown, the class may contain thousands of individuals.

11

Fed. R. Civ. P. 53(f) Report and Recommendation
Regarding the Approval of the Class Action Settlement
Agreement and [Proposed] Order

Case No. 3:07-cv-01413-W-AJB

1   Joinder of all of the Class Members would be impracticable.

2   ### 2. Commonality

3
4   "Requiring there to be common questions of law or fact prior to certifying a

5   class serves chiefly two purposes:  (1) ensuring that absentee members are fairly and

6   adequately represented; and (2) ensuring practical and efficient case management."

7   *Walters*, 145 F.3d at 1045.  "The commonality preconditions of Rule 23(a)(2) are less

8
9   rigorous than the companion requirements of Rule 23(b)(3).  Indeed, Rule 23(a)(2) has

10  been construed permissively."  *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th

11  Cir. 1998).  "All questions of fact and law need not be common to satisfy the rule.

12  The existence of shared legal issues with divergent factual predicates is sufficient, as is

13
14  a common core of salient facts coupled with disparate legal remedies within the class."

15  *Staton v. Boeing Co.*, 327 F.3d 938, 953 (9th Cir. 2003).

16          In my judgment, the commonality requirement is met here.  The putative class

17  claims stem from the same alleged conduct, *i.e.*, NCO allegedly calling consumers on

18  their cellular telephones, or other wireless devices, without "prior express consent,"

19
20  using an "automatic telephone dialing system" or an "artificial or prerecorded voice."

21  The putative class claims are legally and factually similar.

22  ### 3. Typicality

23
24  "[R]epresentative claims are 'typical' if they are reasonably co-extensive with

25  those of absent class members; they need not be substantially identical."  *Hanlon*, 150

26

27

28
Fed. R. Civ. P. 53(f) Report and Recommendation                    Case No. 3:07-cv-01413-W-AJB
Regarding the Approval of the Class Action Settlement
Agreement and [Proposed] Order

F.3d at 1020.  "The commonality and typicality requirements of Rule 23(a) tend to merge.  Both serve as guideposts for determining whether under the particular circumstances maintenance of a class action is economical and whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence."  *General Telephone Co. of Southwest v. Falcon*, 457 U.S. 147, 157 n. 13 (1982).

Also, in my judgment, the typicality requirement is met here.  Plaintiff alleges that NCO violated the TCPA by calling his cellular telephone, without "prior express consent," using an "automatic telephone dialing system" or an "artificial or prerecorded voice."  Plaintiff's claims are identical to the claims of the Class Members.

### 4. *Adequacy of Representation*

"[T]wo criteria for determining the adequacy of representation have been recognized.  First, the named representatives must appear able to prosecute the action vigorously through qualified counsel, and second, the representatives must not have antagonistic or conflicting interests with the unnamed members of the class."  *Lerwill v. Inflight Motion Pictures, Inc.*, 582 F.2d 507, 512 (9th Cir. 1978).

The adequacy of representation requirement is met here.  Plaintiff understands the obligations of a class representative, has adequately represented the interests of the putative class, and has retained experienced counsel, as indicated by Exhibit 3

13

Fed. R. Civ. P. 53(f) Report and Recommendation
Regarding the Approval of the Class Action Settlement
Agreement and [Proposed] Order

Case No. 3:07-cv-01413-W-AJB

1    (Affidavits of Class Counsel) attached to the Preliminary Approval Motion, which set

2    forth the qualifications of Class Counsel.  Plaintiff has no antagonistic or conflicting

3    interests with the Class Members.  Both Plaintiff and the Class Members seek money

4    damages and injunctive relief for NCO's alleged unlawful actions.  Considering the

5    identity of claims, there is no potential for conflicting interests in this action.

6

7    **B. The Fed. R. Civ. P. 23(b) Requirements Are Satisfied**

8            "In addition to satisfying Rule 23(a)'s prerequisites, parties seeking class

9    certification must show that the action is maintainable under Rule 23(b)(1), (2), or

10   (3)." *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 614 (1997).

11

12           The parties request certification of a Fed. R. Civ. P. 23(b)(2) and (b)(3) class.

13   As explained below, the requested preliminary certification should be granted.

14

15           **1. The Class Should Be Certified Per Rule 23(b)(2)**

16           A class may be certified under Rule 23(b)(2) "if 'broad, class-wide injunctive

17   or declaratory relief is necessary to redress a group-wide injury.'"  *LaFlamme v.*

18   *Carpenters Local*, 212 F.R.D. 448, 456 (N.D. N.Y. 2003); *see also Thomas v. Baca*,

19   231 F.R.D. 397, 403 (C.D. Cal. 2005).

20

21           The undersigned finds that preliminary certification of the class under Rule

22   23(b)(2) is proper for at least 2 reasons.  First, the TCPA provides injunctive relief and

23   Plaintiff seeks injunctive relief in his complaint.  Second, the agreed-upon injunctive

24   relief, *i.e.*, additional training and implementation of new policies, will redress an

25

26

27

28   Fed. R. Civ. P. 53(f) Report and Recommendation                    Case No. 3:07-cv-01413-W-AJB
     Regarding the Approval of the Class Action Settlement
     Agreement and [Proposed] Order

1   alleged group-wide injury.

2   ### 2. The Class Should Be Certified Per Rule 23(b)(3)

3       In order to certify a Fed. R. Civ. P. 23(b)(3) class, the court must find that "the

4   questions of law or fact common to the members of the class *predominate* over any

5   questions affecting only individual members, and that a class action is *superior* to

6

7   other available methods for the fair and efficient adjudication of the controversy."

8   Fed. R. Civ. P. 23(b)(3) (emphasis added).

9       The undersigned also finds that preliminary certification of the class is

10  appropriate under Rule 23(b)(3)—the predominance and superiority factors are

11

12  addressed below.

13  ### 1. Predominance

14      "The Rule 23(b)(3) predominance inquiry tests whether proposed classes are

15  sufficiently cohesive to warrant adjudication by representation." *Amchem Products*,

16

17  521 U.S. at 623. "This analysis presumes that the existence of common issues of fact

18  or law have been established pursuant to Rule 23(a)(2); thus, the presence of

19  commonality alone is not sufficient to fulfill Rule 23(b)(3).   In contrast to Rule

20

21  23(a)(2), Rule 23(b)(3) focuses on the relationship between the common and

22  individual issues."  *Hanlon*, 150 F.3d at 1022. "When common questions present a

23  significant aspect of the case and they can be resolved for all members of the class in a

24

25  single adjudication, there is clear justification for handling the dispute on a

26

27

28  Fed. R. Civ. P. 53(f) Report and Recommendation
    Regarding the Approval of the Class Action Settlement
    Agreement and [Proposed] Order

    15

    Case No. 3:07-cv-01413-W-AJB

representative rather than on an individual basis." 7A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 1778 (2d ed. 1986).

A common nucleus of facts and potential legal remedies dominates this litigation. The claims of the Class Representative and Class Members are identical: they relate to NCO allegedly calling consumers' cellular telephones, or other wireless devices, without "prior express consent," using an "automatic telephone dialing system" or an "artificial or prerecorded voice."

### 2. *Superiority*

"The superiority inquiry under Rule 23(b)(3) requires determination of whether the objectives of the particular class action procedure will be achieved in the particular case. This determination necessarily involves a comparative evaluation of alternative mechanisms of dispute resolution." *Hanlon*, 150 F.3d at 1023 (citation omitted).

The class action procedure is the superior mechanism for dispute resolution in this matter. The alternative mechanism, permitting individual lawsuits for a small statutory penalty, would be costly and duplicative. Through the class action procedure, these common claims can be brought in one proceeding, thereby eliminating unnecessary duplication, preserving limited judicial resources, and achieving economies of time, effort, and expense.

### C. *The Proposed Settlement Is Fundamentally Fair, Reasonable, And Adequate*

"Unlike the settlement of most private civil actions, class actions may be settled

16

Fed. R. Civ. P. 53(f) Report and Recommendation
Regarding the Approval of the Class Action Settlement
Agreement and [Proposed] Order

Case No. 3:07-cv-01413-W-AJB

only with the approval of the district court." *Officers for Justice v. Civil Service Com'n of City and County of San Francisco*, 688 F.2d 615, 623 (9th Cir. 1982). "The court may approve a settlement . . . that would bind class members only after a hearing and on finding that the settlement . . . is fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(1)(C). "To determine whether a settlement agreement meets these standards, a district court must consider a number of factors, including: 'the strength of plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed, and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement.'" *Staton*, 327 F.3d at 959. "The relative degree of importance to be attached to any particular factor will depend upon and be dictated by the nature of the claim(s) advanced, the type(s) of relief sought, and the unique facts and circumstances presented by each individual case." *Officers for Justice*, 688 F.2d at 625.

While it is too early to address the last factor, *i.e.*, the reaction of the Class Members to the proposed settlement, application of the other relevant factors confirms that the proposed settlement should be preliminarily approved.

### 1. The Strength Of The Lawsuit And The Risk, Expense, Complexity, And Likely Duration Of Further Litigation

NCO has raised numerous defenses to the class claims. Many of these defenses

Fed. R. Civ. P. 53(f) Report and Recommendation
Regarding the Approval of the Class Action Settlement
Agreement and [Proposed] Order

Case No. 3:07-cv-01413-W-AJB

1   are set forth at length in NCO's September 14, 2007 Mediation Statement (15-page,

2   single-spaced), attached to the Preliminary Approval Motion as Exhibit 4. NCO avers

3   that its defenses have merit and would defeat the claims of the putative class.

4

5   Settlement eliminates any further risk and expense for both parties. Considering the

6   potential risks and expenses associated with continued prosecution of the Lawsuit, the

7   probability of appeals, the certainty of delay, and the ultimate uncertainty of recovery

8   through continued litigation, the proposed settlement is fair, reasonable, and adequate.

9

10          *2.  The Amount Offered In Settlement*

11          The proposed settlement provides for a $950,000 settlement fund, from which

12  Class Members can potentially receive a $70 settlement check; at least a $50,000 *cy*

13  *pres* award; and, a nationwide injunction wherein NCO has agreed to implement a

14

15  formal, company-wide training program to ensure that its collectors understand their

16  obligation to stop calling cell or wireless numbers upon request. *See* Exhibit 1,

17  Agreement, at ¶ 11.

18          Considering the uncertainties of trial, the difficulty in proving liability against

19

20  NCO, the proposed settlement is clearly fair, reasonable, and adequate.

21          *3.  The Extent Of Discovery Completed*

22          Class Counsel has conducted some informal discovery. Pursuant to the

23  Agreement, Class Counsel is also permitted to complete additional confirmatory

24

25  discovery. *Id.* at ¶¶ 21-22.

26

27

28

Fed. R. Civ. P. 53(f) Report and Recommendation            Case No. 3:07-cv-01413-W-AJB
Regarding the Approval of the Class Action Settlement
Agreement and [Proposed] Order

Considering that the disputed issues between the parties are legal, *not* factual, in nature, and that Class Counsel is permitted to complete additional confirmatory discovery, the undersigned finds that the parties have exchanged sufficient information to make an informed decision about settlement. *See Linney v. Cellular Alaska Partnership*, 151 F.3d 1234, 1239 (9th Cir. 1998).

### 4. The Experience And Views Of Class Counsel

The settlement was negotiated at arms length by experienced and capable Class Counsel, who now recommends its approval. As proven by the affidavits attached to the Preliminary Approval Motion as Exhibit 3, Class Counsel is experienced consumer class action lawyers. Given that experience and expertise, Class Counsel was well qualified to assess the prospects of the case and to negotiate a favorable resolution for the class.

### D. The Proposed Class Action Notices Are The Best Notice Practicable Under The Circumstances

"Adequate notice is critical to court approval of a class settlement under Rule 23(e)." *Hanlon*, 150 F.3d at 1025. Pursuant to Fed. R. Civ. P. 23(c)(2)(B), "[t]he notice [for Fed. R. Civ. P. 23(b)(3) classes] must concisely and clearly state in plain, easily understood language: the nature of the action[;] the definition of the class certified[;] the class claims, issues, or defenses[;] that a class member may enter an appearance through counsel if the member so desires[;] that the court will exclude from the class any member who requests exclusion, stating when and how members

19

Fed. R. Civ. P. 53(f) Report and Recommendation
Regarding the Approval of the Class Action Settlement
Agreement and [Proposed] Order

Case No. 3:07-cv-01413-W-AJB

1  may elect to be excluded[;] and the binding effect of a class judgment on class

2  members under Rule 23(c)(3)."  Pursuant to Fed. R. Civ. P. 23(e)(1)(B), "[t]he court

3  must direct notice in a reasonable manner to all class members who would be bound

4  by a proposed settlement . . . ."

5

6  The parties agree the Class Members are unidentifiable.  *See* Exhibit 1,

7  Agreement, at p. 4.  Individual notice, therefore, is not being provided.  Instead, as

8  noted above, a summary notice will be published in 2 consecutive Monday editions of

9  the USA Today.  *Id.* at ¶ 10(A).  The summary notice will direct individuals to a

10

11  Settlement Website.  *Id.*  A detailed notice will be posted on the Settlement Website.

12  *Id.* at ¶ 10(B).  Considering that the identity of the Class Members is unknown, the

13  proposed notices, attached to the settlement Agreement as Exhibits 5 and 6, are

14  appropriate and comply with both Fed. R. Civ. P. 23(c)(2)(B) and (e)(1)(B).  The

15

16  notices contain all of the required Fed. R. Civ. P. 23 information and properly advise

17  the Class Members of their rights.  The proposed method for notifying the Class

18  Members thus satisfies both Fed. R. Civ. P. 23 and due process and constitutes the best

19

20  notice practicable under the circumstances.

21  ## V. CONCLUSION

22  For the reasons set forth above, the undersigned respectfully recommends that

23  the Court grant the parties' Preliminary Approval Motion and enter the attached

24

25  Preliminary Approval Order (*i.e.*, Exhibit 2).

26

27

28

20

Fed. R. Civ. P. 53(f) Report and Recommendation          Case No. 3:07-cv-01413-W-AJB
Regarding the Approval of the Class Action Settlement
Agreement and [Proposed] Order

1    IT IS SO RECOMMENDED,

2

3    This 4th day of _____September_____ 2008.

4

5    _____

6    Special Master Judge Herbert B. Hoffman (Ret.)

7

8    IT IS SO ORDERED,

9

10

11   This 5th day of _____SEPT._____ 2008.

12

13   _____

14   The Honorable Thomas J. Whelan

15   N:\NCO\Bellows, Douglas E. (6947-07-21970) CLASS ACTION\Settlement Pleadings\R&R Re Preliminary Approval\R&R Preliminary Approval.doc

16

17

18

19

20

21

22

23

24

25

26

27

28   Fed. R. Civ. P. 53(f) Report and Recommendation
     Regarding the Approval of the Class Action Settlement
     Agreement and [Proposed] Order

21

Case No. 3:07-cv-01413-W-AJB