FILED
SEP 1 0 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY          DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS E. BELLOWS, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>-against-<br><br>NCO FINANCIAL SYSTEMS, INC.,<br><br>Defendant. | Case No. 3:07-cv-01413-W-AJB<br><br>**ORDER OF PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

On August 2, 2007, plaintiff, Douglas E. Bellows (hereinafter referred to as "Plaintiff" or "Class Representative"), filed the above-captioned class action lawsuit (hereinafter referred to as the "Lawsuit") against defendant, NCO Financial Systems, Inc. (hereinafter referred to as "NCO"). Plaintiff asserted class claims against NCO under the Telephone Consumer Protection Act (hereinafter referred to as the "TCPA"), 47 U.S.C. § 227. Specifically, Plaintiff alleged that NCO violated the TCPA by calling his cellular telephone, without "prior express consent," using an "automatic telephone dialing system" and using an "artificial or prerecorded voice."

NCO denied any and all liability alleged in the Lawsuit.

On December 27, 2007, at the Parties' request, the Court appointed Judge Herbert B. Hoffman (Ret.) to serve as a Special Master per Fed. R. Civ. P. 53. Judge Hoffman was appointed to assist with all settlement issues, including issuing necessary reports and recommendations on proposed findings and orders in the case.

On August 14, 2008, after extensive arms-length negotiations, and 3 mediations before Special Master Hoffman, Plaintiff and NCO (hereinafter jointly referred to as the "Parties") entered into a Class Action Settlement Agreement (hereinafter referred to as the "Agreement"), which is subject to review under Fed. R. Civ. P. 23. Further, NCO agreed to a 12-month Stipulation and Order for Injunction (hereinafter referred to as the "Stipulated Injunction").

Pursuant to their Joint Motion for Preliminary Approval of Class Action Settlement Agreement (hereinafter referred to as the "Preliminary Approval Motion"), the Parties now request preliminary certification of a Fed. R. Civ. P. 23(b)(2) and (b)(3) settlement class and preliminary approval of the proposed class action settlement.

Special Master Hoffman has issued a report and recommendation, recommending that the Court preliminarily certify this Lawsuit as a class action and preliminarily approve the proposed class action settlement.

The Court has read and considered the Agreement, Preliminary Approval Motion, Special Master Hoffman's Report and Recommendation, and the record. All capitalized terms used herein have the meanings defined herein and/or in the Agreement.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. <u>JURISDICTION</u> – The Court has jurisdiction over the subject matter of the Lawsuit and over all settling parties hereto.

2. In compliance with the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4, NCO served written notice of the proposed class settlement on the U.S. attorney general and the attorney general of each state.

3. <u>CLASS MEMBERS</u> – Pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3), the Lawsuit is hereby preliminarily certified, for settlement purposes only, as a class action on behalf of the following Class Members with respect to the claims asserted in the Lawsuit:

> All natural and juridical persons within the United States who were called by NCO, without prior express consent, on their paging service, cellular telephone service, mobile radio service, radio common carrier service, or other service for which they were charged for the call, through the use of any automatic telephone dialing system (including an automated dialing machine, dialer, and auto-dialer) or artificial or prerecorded voice, between August 2, 2003 and the date this order is entered by the Court.

4. However, the Class Members shall not include any officer, director, attorney, or heir or assign of NCO. Further, the Class Members shall not include any judicial officer or juror who may consider this case.

5. <u>CLASS REPRESENTATIVE AND CLASS COUNSEL APPOINTMENT</u> – Pursuant to Fed. R. Civ. P. 23, the Court preliminarily certifies Plaintiff Douglas E. Bellows as the Class Representative and HYDE & SWIGART and the LAW OFFICES OF DOUGLAS J. CAMPION as Class Counsel.

6. <u>NOTICE AND CLAIM PROCESS</u> – The Court approves the form and substance of the summary published notice and full website notice attached to the

Agreement as Exhibits 5 and 6 respectively. The proposed form and method for notifying the Class Members of the settlement and its terms and conditions meet the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled to the notice. The Court finds that the proposed notices are clearly designed to advise the Class Members of their rights.

7. In accordance with the Agreement and with oversight by the third-party class action administrator, Gilardi & Co. LLC (hereinafter referred to as the "TPA"), NCO shall cause the summary notice attached to the Agreement as Exhibit 5 to be published in 2 Monday editions of the USA Today on September 22 and 29, 2008 (*i.e.*, within 20 days from the Court's entry of this order). Further, and again with oversight by the TPA, NCO shall cause the full notice attached to the Agreement as Exhibit 6 to be posted on a website specially created for this Lawsuit no later than September 22, 2008. The full notice shall remain posted on the website until December 12, 2008.

8. Further, in accordance with the Agreement, NCO shall coordinate with the TPA to establish a call center for the TPA to receive toll-free calls regarding the settlement (hereinafter referred to as the "Settlement Call Center"). The toll-free number for the Settlement Call Center will be identified in the approved summary and full notices attached to the Agreement as Exhibits 5 and 6 respectively. If any person calls the Settlement Call Center and requests a copy of the full notice, NCO or the TPA shall mail the requested notice to the individual at no charge within a reasonable

period following the request.

9. The Court preliminarily approves the process for submitting, reviewing, and approving all claims from the $950,000 Settlement Fund for a $70 settlement check, or a *pro rata* award if the number of claims warrant the *pro rata* settlement amount.

10. **PRELIMINARY CLASS CERTIFICATION** – The Court preliminarily finds that the Lawsuit satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23, namely:

    A. The Class Members are so numerous that joinder of all of them in the Lawsuit is impracticable;

    B. There are questions of law and fact common to the Class Members, which predominate over any individual questions;

    C. The claims of the Plaintiff are typical of the claims of the Class Members;

    D. The Plaintiff and Class Counsel have fairly and adequately represented and protected the interests of all of the Class Members; and

    E. Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication of this controversy.

11. The Court preliminarily finds that the settlement of the Lawsuit, on the

terms and conditions set forth in the Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the Class Members, especially in light of the benefits to the Class Members; the strength of the Plaintiff's case; the complexity, expense, and probable duration of further litigation; and, the risk and delay inherent in possible appeals. The Court also preliminarily approves the Stipulated Injunction attached to the Agreement as Exhibit 7. Provided that the settlement is finally approved, the Court will enter the Stipulated Injunction upon entry of the Final Order and Judgment.

12. **EXCLUSIONS** – Any Class Member who desires to be excluded from the class must send a written request for exclusion to the TPA, with a postmark date no later than November 13, 2008 (*i.e.*, 45 days after the last summary notice is published). The TPA's address shall be provided in both the summary and full notices. The TPA shall provide a list of the names of each Class Member who submitted a timely exclusion to counsel for NCO and Class Counsel after the deadline passes. A copy of this list will be filed with the Court with the Parties' Joint Motion for Final Approval of Class Action Settlement Agreement.

13. To be effective, the written request for exclusion must be signed by the Class Member and state: the Class Member's full name, address, and telephone number. Further, the Class Member must include a statement in the written request for exclusion that he or she wishes to be excluded from the settlement.

14. Any Class Member who submits a valid and timely request for exclusion

shall not be bound by the terms of this Agreement.

15. **OBJECTIONS** – Any Class Member who intends to object to the fairness of the settlement must file a written objection with the Court, at United States District Court, Southern District of California, Office of the Clerk, 880 Front Street, Suite 4290, San Diego, CA 92101, no later than November 13, 2008 (*i.e.*, 45 days after the last summary notice is published). Further, any such Class Member must, within the same time period, provide a copy of the written objection to Class Counsel, Attention: NCO Settlement, Law Offices of Douglas J. Campion, 411 Camino Del Rio South, Suite 301, San Diego, CA 92108, and counsel for NCO, Attention: NCO Settlement, Sessions, Fishman, Nathan & Israel, L.L.P., P.O. Box 6680, Metairie, LA 70009-6680.

16. To be considered, the written objection must be signed by the Class Member and state: the Class Member's full name, address, and telephone number; the reasons for his or her objection; and, whether he or she intends to appear at the fairness hearing on his or her own behalf or through counsel. Further, the Class Member must attach to his or her objection any documents supporting the objection.

17. Any Class Member who does not file a valid and timely objection to the settlement shall be barred from seeking review of the settlement by appeal or otherwise.

18. **FAIRNESS HEARING** – In his role as Special Master, Judge Hoffman shall conduct a hearing (hereinafter referred to as the "Fairness Hearing") on

December 2, 2008, 9:30 A.M., at 940 Front Street, Court Room 7, San Diego, CA 92101, to review the following issues:

A. Whether this action satisfies the applicable prerequisites for class action treatment for settlement purposes under Fed. R. Civ. P. 23;

B. Whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interest of the Class Members and should be approved by the Court;

C. Whether the Final Order and Judgment, as provided under the Agreement, should be entered, dismissing the Lawsuit with prejudice and releasing the Released Claims against the Released Parties; and

D. To discuss and review other issues as Special Master Hoffman deems appropriate.

19. Attendance at the Fairness Hearing is not necessary. Class Members need not appear at the hearing or take any other action to indicate their approval of the proposed class action settlement. Class Members wishing to be heard are, however, required to indicate in their written objection whether or not they intend to appear at the Fairness Hearing.

20. <u>REPORT AND RECOMMENDATION</u> – Following the Fairness Hearing, Special Master Hoffman shall submit a report and recommendation to the Court regarding the issues set forth in ¶ 18. After considering Special Master Hoffman's report and recommendation, and the record, the Court shall enter a Final

Order and Judgment as it deems appropriate.

21. <u>MISCELLANEOUS PROVISIONS</u> – The Agreement and this order shall be null and void if any of the following occur:

A. The Agreement is terminated by any of the Parties, or any specified condition to the settlement set forth in the Agreement is not satisfied and the satisfaction of such condition is not waived in writing by the Parties;

B. The Court rejects, in any material respect, the Final Order and Judgment substantially in the form and content attached to the Agreement and/or the Parties fail to consent to the entry of another form of order in lieu thereof;

C. The Court rejects any component of the Agreement, including any amendment thereto approved by the Parties; or

D. The Court approves the Agreement, including any amendment thereto approved by the Parties, but such approval is reversed on appeal and such reversal becomes final by lapse of time or otherwise.

22. If the Agreement and this order are voided per ¶ 21 of this order, then the Agreement shall be of no force and effect and the Parties' rights and defenses shall be restored, without prejudice, to their respective positions as if the Agreement had never been executed and this order never entered.

23. The Court retains continuing and exclusive jurisdiction over the action to consider all further matters arising out of or connected with the settlement, including the administration and enforcement of the Agreement.

## ORDER

IT IS SO ORDERED.

DATED: 9/10/08

_____
THE HONORABLE THOMAS J. WHELAN
UNITED STATES DISTRICT COURT JUDGE