UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

DOUGLAS E. BELLOWS, on behalf of )
himself and all others similarly situated, )
                               )
                 Plaintiff, )
                                )
   -against- )
                                  )
NCO FINANCIAL SYSTEMS, INC., )
                                  )
                Defendant. )
————————————————— )

Case No. 3:07-cv-01413-W-AJB

FED. R. CIV. P. 53(f) REPORT
AND RECOMMENDATION
REGARDING FINAL APPROVAL
OF THE CLASS ACTION
SETTLEMENT AGREEMENT AND
[PROPOSED] ORDER

    The undersigned Judge Herbert B. Hoffman (Ret.) was appointed by the Court as a Special Master in this case per Fed. R. Civ. P. 53. As required by the Court's Order of Preliminary Approval of Class Action Settlement (hereinafter referred to as the "Preliminary Approval Order"), the undersigned submits this second Report and Recommendation. The undersigned respectfully shows:

## I. INTRODUCTION

    1.    On August 2, 2007, plaintiff, Douglas E. Bellows (hereinafter referred to as "Plaintiff" or "Class Representative"), filed the above-captioned class action lawsuit (hereinafter referred to as the "Lawsuit") against defendant, NCO Financial Systems, Inc. (hereinafter referred to as "NCO"). Plaintiff asserted class claims against NCO under the Telephone Consumer Protection Act (hereinafter referred to as the "TCPA"), 47 U.S.C. § 227. Specifically, Plaintiff alleged that NCO violated the TCPA by

1

Fed. R. Civ. P. 53(f) Report and Recommendation
Regarding Final Approval of the Class Action Settlement
Agreement and [Proposed] Order

Case No. 3:07-cv-01413-W-AJB

calling his cellular telephone, without "prior express consent," using an "automatic telephone dialing system" and using an "artificial or prerecorded voice."

2.    On August 14, 2008, Plaintiff and NCO (hereinafter jointly referred to as the "Parties") entered into a Class Action Settlement Agreement (hereinafter referred to as the "Agreement"), which is subject to review under Fed. R. Civ. P. 23.  Further, NCO agreed to a 12-month Stipulation and Order for Injunction (hereinafter referred to as the "Stipulated Injunction").

3.    On August 29, 2008, the Parties filed their Joint Motion for Preliminary Approval of Class Action Settlement Agreement (hereinafter referred to as "Motion for Preliminary Approval"), along with the Agreement.

4.    On September 5, 2008, the undersigned Special Master filed his first Report and Recommendation, recommending that the Court grant the Parties' Motion for Preliminary Approval and enter the requested Preliminary Approval Order.

5.    On September 10, 2008, based upon the Parties' Motion for Preliminary Approval and the undersigned's first Report and Recommendation, the Court entered the Preliminary Approval Order.

6.    Per the Preliminary Approval Order, the undersigned was also required to submit this second Report and Recommendation.

7.    On November 24, 2008, the Parties filed their Motion for Final Approval of Class Action Settlement Agreement (hereinafter referred to as "Motion for Final

Fed. R. Civ. P. 53(f) Report and Recommendation
Regarding Final Approval of the Class Action Settlement
Agreement and [Proposed] Order

Case No. 3:07-cv-01413-W-AJB

Approval").

8.   As required by the Preliminary Approval Order, a Fairness Hearing was held by the undersigned Special Master on December 2, 2008 to determine whether the Lawsuit satisfies the applicable prerequisites for class action treatment and whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interest of the Class Members and should be approved by the Court.

9.   Pursuant to Fed. R. Civ. P. 23(e), the Parties now seek final certification and approval of the proposed class action settlement.  Specifically, the Parties request the Court enter the Final Order and Judgment (hereinafter referred to as the "Final Approval Order"), attached as **Exhibit 1** and the Stipulated Injunction attached as **Exhibit 2**.

10.   The undersigned has read and considered the Agreement and Motion for Final Approval, and has heard argument from counsel.  Pursuant to Fed. R. Civ. P. 53, the undersigned Special Master recommends that the Court grant the requested relief and finally certify the national class of plaintiffs for settlement purposes and finally approve the class action settlement.   (All capitalized terms used herein have the meanings defined herein and/or in the Agreement.)

## II. FACTS AND PROCEDURAL HISTORY

On August 2, 2007, Plaintiff filed this Lawsuit against NCO, an international debt collection company.  On behalf of himself and others similarly situated, Plaintiff

Fed. R. Civ. P. 53(f) Report and Recommendation
Regarding Final Approval of the Class Action Settlement
Agreement and [Proposed] Order

Case No. 3:07-cv-01413-W-AJB

asserted 2 TCPA claims against NCO.  First, Plaintiff alleged that NCO committed negligent violations of the TCPA.  For this first claim, and on behalf of himself and the putative class, Plaintiff sought $500 per violation and injunctive relief under 47 U.S.C. § 227(b)(3)(B).

Second, Plaintiff alleged that NCO committed knowing and/or willful violations of the TCPA.  For this second claim, Plaintiff sought for himself and the putative class $1,500 per violation and injunctive relief under 47 U.S.C. § 227(b)(3)(B) and § 227(b)(3)(C).  Plaintiff also alleged that the Court had jurisdiction under 28 U.S.C. § 1332, per the Class Action Fairness Act of 2005 (hereinafter referred to as "CAFA"), Pub. L. No. 109-2, 119 Stat. 4, because the aggregate amount of the class claims exceeded $5 million.

In an attempt to settle the Lawsuit, the Parties participated in extensive settlement discussions and 3 all day mediation sessions before the undersigned on September 19, 2007, October 16, 2007, and December 6, 2007.

On December 27, 2007, at the Parties' request, the Court appointed the undersigned to serve as a Special Master per Fed. R. Civ. P. 53.  The undersigned was appointed to assist with all settlement issues, including issuing necessary reports and recommendations on proposed findings and orders in the case.

In addition to the mediation sessions described above, plaintiff and defense counsel report that they had numerous telephone conferences, several in-person

Fed. R. Civ. P. 53(f) Report and Recommendation
Regarding Final Approval of the Class Action Settlement
Agreement and [Proposed] Order

Case No. 3:07-cv-01413-W-AJB

meetings, and exchanged numerous emails regarding settlement.   Through the mediation sessions, telephone conferences, meetings, and emails, the Parties reached a settlement on August 14, 2008, which is memorialized in the Agreement filed with the Court.

On August 29, 2008, the Parties filed their Motion for Preliminary Approval. In compliance with CAFA, on September 4, 2008, NCO served written notice of the proposed class settlement on the Attorney General of the United States and attorney generals of each state.

On September 5, 2008, the undersigned Special Master filed his Report and Recommendation, recommending that the Court grant the Parties' Motion for Preliminary Approval and enter the requested Preliminary Approval Order.

On September 10, 2008, based upon the Parties' Motion for Preliminary Approval and the undersigned's Report and Recommendation, the Court entered the Preliminary Approval Order.  Pursuant to the Preliminary Approval Order, the Court, among other things, (i) preliminarily certified (for settlement purposes only) a class of plaintiffs (hereinafter referred to as the "Class Members") with respect to the claims asserted in the Lawsuit; (ii) preliminarily approved the proposed settlement and Stipulated Injunction; (iii) appointed Plaintiff as the Class Representative; (iv) appointed HYDE & SWIGART and the LAW OFFICES OF DOUGLAS J. CAMPION as Class Counsel; and, (v) set the date and time of the Fairness Hearing for

5

Fed. R. Civ. P. 53(f) Report and Recommendation
Regarding Final Approval of the Class Action Settlement
Agreement and [Proposed] Order

Case No. 3:07-cv-01413-W-AJB

1   December 2, 2008, at 9:30 A.M.

2       Per the Agreement, the Parties engaged in confirmatory discovery following

3

4   entry of the Preliminary Approval Order.   No party has asked to set aside or be

5   relieved from their responsibilities after such confirmatory discovery.

6       On November 24, 2008, the Parties filed their Motion for Final Approval, and

7   on December 2, 2008, pursuant to this Court's Preliminary Approval Order, a Fairness

8

9   Hearing was held by the undersigned to determine whether the Lawsuit satisfies the

10  applicable prerequisites for class action treatment and whether the proposed settlement

11  is fundamentally fair, reasonable, adequate, and in the best interest of the Class

12  Members and should be approved by the Court.

13

14      As noted, the Parties now seek final certification of the national class of

15  plaintiffs for settlement purposes and final approval of the proposed class action

16  settlement, including entry of the Final Approval Order attached as **Exhibit 1** and

17  Stipulated Injunction attached as **Exhibit 2**.   Again, the undersigned recommends that

18  the requested relief be granted.

19

20              ### III.  THE PROPOSED SETTLEMENT

21      The significant terms of the settlement are the following:

22  *A.  Class Certification*

23

24      For settlement purposes only, and pursuant to Fed. R. Civ. P. 23(b)(2) and

25  (b)(3), the Parties seek final certification of the following national class of plaintiffs:

26

27

6

28  Fed. R. Civ. P. 53(f) Report and Recommendation                Case No. 3:07-cv-01413-W-AJB
    Regarding Final Approval of the Class Action Settlement
    Agreement and [Proposed] Order

1

2

3

4

5

6

7

8

> All natural and juridical persons within the United States who were called by NCO, without prior express consent, on their paging service, cellular telephone service, mobile radio service, radio common carrier service, or other service for which they were charged for the call, through the use of any automatic telephone dialing system (including an automated dialing machine, dialer, and auto-dialer) or artificial or prerecorded voice, between August 2, 2003 and September 10, 2008, *i.e.*, the date the Order of Preliminary Approval of Class Action Settlement was entered by the Court. The Class Members shall not include any officer, director, attorney, or heir or assign of NCO. Further, the Class Members shall not include any judicial officer or juror who may consider this case.

9

Agreement, at ¶¶ 1(A) & 3.

10

### B. Third-Party Class Action Administrator

11

12

As required by the Preliminary Approval Order, the Parties engaged a third-

13

party class action administrator, Gilardi & Co., LLC (hereinafter referred to as

14

"Gilardi"), to assist in administration of the class action settlement process.

15

### C. Published/Summary Notice

16

17

In compliance with the Preliminary Approval Order, NCO, through Gilardi,

18

published the summary notice of the proposed class settlement in 2 consecutive

19

Monday editions of the USA Today on September 22 and 29, 2008. The summary

20

notice directed Class Members to the Settlement Website to obtain information

21

regarding the case and class settlement. The summary notice included the toll-free

22

telephone number for the Settlement Call Center, which was run by Gilardi and

23

24

received calls regarding claims for a settlement check.

25

26

27

28

7

Fed. R. Civ. P. 53(f) Report and Recommendation
Regarding Final Approval of the Class Action Settlement
Agreement and [Proposed] Order

Case No. 3:07-cv-01413-W-AJB

### D. *Website/Full Notice*

Again in compliance with the Preliminary Approval Order, NCO, through Gilardi, also posted on the Settlement Website a detailed and full notice, explaining the case, proposed settlement, and each Class Member's options.

### E. *Claims*

Each Class Member was provided 53 days to make a claim for a settlement check, submit an exclusion, or file an objection, with the deadline being November 13, 2008. In total, 29 claims for a settlement check were timely submitted to Gilardi. NCO did not object to any of the claims.

### F. *Exclusions*

Per the Preliminary Approval Order, Class Members were required to send their written request for exclusion to Gilardi with a postmark date no later than November 13, 2008. The Preliminary Approval Order states, "[t]o be effective, the written request for exclusion must be signed by the Class Member and state: the Class Member's full name, address, and telephone number. Further, the Class Member must include a statement in the written request for exclusion that he or she wishes to be excluded from the settlement."

A total of 67 exclusions were received by Gilardi. NCO objects to the 62 exclusions submitted by Donald A. Yarbrough, as the alleged lawyer for the 62 individuals identified in his November 13, 2008 letter. NCO contends that the 62

Fed. R. Civ. P. 53(f) Report and Recommendation
Regarding Final Approval of the Class Action Settlement
Agreement and [Proposed] Order

Case No. 3:07-cv-01413-W-AJB

exclusions submitted by Mr. Yarbrough should be denied because the Class Members failed to sign their written request for exclusion, but requests that the Court rule on the validity of these exclusions in a separate order, so as not to delay the entry of the Final Approval Order.  Plaintiff takes no position on those objections.

NCO does not have any opposition to the remaining 5 exclusions filed by or on behalf of Daniel Laplante; Kevin T. Lemieux; Gretchen Moehrle; Carolyn Palmer; and Lewis A.D. Smith.

The undersigned recommends that the Court enter the requested Final Approval Order, excluding the 5 aforementioned Class Members from the settlement, but reserving its ruling on the 62 exclusions submitted by Mr. Yarbrough.  In a separate Report and Recommendation, the undersigned will address NCO's objection to the 62 exclusions submitted by Mr. Yarbrough.  Following submission of that Report and Recommendation, the Court can enter a separate order regarding those exclusions.

### G. Objections

Only 1 objection was submitted to  the Court, but withdrawn shortly thereafter before actually being filed.  The Court also rejected a "Motion for Reconsideration and Clarification," "Motion to Intervene as Plaintiffs," and "Motion for Class Action Joinder" filed by Jonathan Lee Riches, who alleged in his papers "NCO Financial Systems Inc. also provided the Japan army in the 1940's technology and software for airplanes and Russian subs to bomb Pearl Harbor and Defendants financed the movie

9

Fed. R. Civ. P. 53(f) Report and Recommendation
Regarding Final Approval of the Class Action Settlement
Agreement and [Proposed] Order

Case No. 3:07-cv-01413-W-AJB

production of 'Empire of the Sun[.]'" The Court rejected Mr. Riches' filing for failure to comply with local rules. Mr. Riches has filed a Notice of Appeal.

The undersigned finds that there was no meaningful objection to the proposed settlement.

## H. Settlement Checks

Per the Agreement, each Class Member who made a timely and accepted claim is entitled to receive a $70 settlement check. As noted, a total of 29 Class Members made a claim, meaning that NCO will owe $2,030 in settlement checks per the Agreement.

## I. Cy Pres Award

Per the Agreement, NCO is obligated to spend at least $200,000 between claims and cy pres. Based upon the number of claims made and accepted (29), multiplied by the $70 check amount (equaling $2,030), NCO will be obligated to make a cy pres award totaling $197,970 to one or more mutually agreed-upon organizations. The Parties agree that the cy pres award may not be given to any organization who advises consumers on how to file lawsuits against debt collectors, or who represents consumers in filing lawsuits against debt collectors.

Within 15 days of the filing of this Report and Recommendation, the Parties will present a list of proposed cy pres recipients for the undersigned's approval.

Fed. R. Civ. P. 53(f) Report and Recommendation
Regarding Final Approval of the Class Action Settlement
Agreement and [Proposed] Order

Case No. 3:07-cv-01413-W-AJB

1  **_J. Injunction_**

2     As noted, the Parties request that the Stipulated Injunction, attached as **Exhibit**

3  **2**, be entered along with the Final Approval Order attached as **Exhibit 1**.

4

5     Pursuant to the 12-month Stipulated Injunction, NCO will be required to (i)

6  conduct regular training sessions with all NCO debt collectors to ensure that they

7  understand their obligation to stop calling a consumer's cell phone or other wireless

8  number when requested by the consumer; (ii) revise its FDCPA collector testing

9  materials to include questions regarding a collector's obligation to stop calling a

10 consumer's cell phone or other wireless number when requested by the consumer; and,

11

12 (iii) use its best efforts to ensure that all existing and newly hired NCO debt collectors

13 execute an acknowledgement confirming their understanding of their obligation to stop

14

15 calling cell or wireless numbers upon request.

16    Since the Court's entry of the Preliminary Approval Order, NCO has also

17 agreed to add another term to the Stipulated Injunction to benefit the Class Members.

18 Per this new injunction term, NCO will be required to use its best efforts to ensure that

19

20 it stops calling a consumer's cell phone or other wireless number when requested by

21 the consumer.

22    NCO will also be required to submit proof of compliance with the injunction to

23 Class Counsel by way of providing the training and testing materials used in the

24

25 training upon the commencement of such training.   NCO will also be required to

26

27

11

28 Fed. R. Civ. P. 53(f) Report and Recommendation
Regarding Final Approval of the Class Action Settlement
Agreement and [Proposed] Order                                    Case No. 3:07-cv-01413-W-AJB

submit to Class Counsel and Special Master Hoffman 1 interim report after 6 months, detailing the status of the implementation of the injunction. Furthermore, a declaration of the responsible person at NCO for ensuring compliance with the training requirements of the injunction must be provided upon completion of the training. Class Counsel will be provided such other documentation of compliance as they might deem necessary to confirm compliance, upon request, subject to either party seeking review by the undersigned Special Master as to the reasonableness of the request(s).

At the end of the 12-month injunction, NCO will submit to Class Counsel a declaration from its training coordinator confirming that training was provided on a regular basis during the 12-month injunction term. Further, at the end of the 12-month period, NCO shall also submit to the undersigned Special Master an exemplar of the revised FDCPA testing materials to confirm NCO's compliance with ¶ 2 of the Stipulated Injunction.

During the 12-month term of the injunction, both NCO and Plaintiff have the right to seek relief from, or modification of, the injunction based upon an unfair burden on the business, or a change in the law. Any request for alteration or modification of the injunction must be made to the undersigned Special Master. Any alteration or modification of the injunction shall not extend the length of the 12-month injunction. Any alteration or modification in the injunction shall only apply prospectively for the remainder of the 12-month injunction. The Stipulated Injunction

Fed. R. Civ. P. 53(f) Report and Recommendation
Regarding Final Approval of the Class Action Settlement
Agreement and [Proposed] Order

Case No. 3:07-cv-01413-W-AJB

1  will lapse and expire 12 months after it is entered by the Court.

2  *K.  Class Representative Payment*

3
4  Pursuant to the Agreement, Plaintiff will receive $1,000, in recognition of his

5  service as the Class Representative.  The undersigned finds this award appropriate and

6  in-line with class representative awards in consumer class actions.

7  *L.  Class Counsel's Attorneys' Fees, Costs, And Expenses*

8
9  Pursuant to the Agreement, NCO has agreed that it will not object to Class

10  Counsel's application for attorneys' fees, costs, and expenses, so long as the

11  application does not seek more than $300,000.  Class Counsel has filed an application

12  for fees, costs, and expenses totaling $300,000.   In a separate Report and

13  Recommendation, the undersigned Special Master will address Class Counsel's

14  request for $300,000 in fees, costs, and expenses.

15

16  **IV.  DISCUSSION**

17  The undersigned addressed the Rule 23(a) and (b) factors in his first Report and

18  Recommendation.   As noted in the Report and Recommendation and this Court's

19  Preliminary Approval Order, this case satisfies the Rule 23 requirements.

20

21  *A.  The Proposed Settlement Is Fundamentally Fair, Reasonable, And Adequate*

22  "Unlike the settlement of most private civil actions, class actions may be settled

23  only with the approval of the district court."  *Officers for Justice v. Civil Service*

24  *Com'n of City and County of San Francisco*, 688 F.2d 615, 623 (9th Cir. 1982).  "The

25

26

27

28
Fed. R. Civ. P. 53(f) Report and Recommendation          Case No. 3:07-cv-01413-W-AJB
Regarding Final Approval of the Class Action Settlement
Agreement and [Proposed] Order

court may approve a settlement . . . that would bind class members only after a hearing and on finding that the settlement . . . is fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(1)(C). "To determine whether a settlement agreement meets these standards, a district court must consider a number of factors, including:   'the strength of plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed, and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement.'" *Staton v. Boeing Co.*, 327 F.3d 938, 959 (9th Cir. 2003). "The relative degree of importance to be attached to any particular factor will depend upon and be dictated by the nature of the claim(s) advanced, the type(s) of relief sought, and the unique facts and circumstances presented by each individual case." *Officers for Justice*, 688 F.2d at 625.   To determine whether the proposed settlement is fair, reasonable and adequate, the Court must balance against the continuing risks of litigation and the immediacy and certainty of a substantial recovery. *See Girsh v. Jepson*, 521 F.2d 153, 157 (3d Cir. 1975); *In re Warner Communications Sec. Litig.*, 618 F. Supp. 735, 741 (S.D. N.Y. 1985).

The district court must exercise "sound discretion" in approving a settlement. *See Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1375 (9th Cir. 1993); *Ellis v. Naval Air Rework Facility*, 87 F.R.D. 15, 18 (N.D. Cal. 1980), *aff'd* 661 F.2d 939 (9th

Fed. R. Civ. P. 53(f) Report and Recommendation
Regarding Final Approval of the Class Action Settlement
Agreement and [Proposed] Order

Case No. 3:07-cv-01413-W-AJB

Cir. 1981). However, "where, as here, a proposed class settlement has been reached after meaningful discovery, after arm's length negotiation conducted by capable counsel, it is presumptively fair." *M. Berenson Co. v. Faneuil Hall Marketplace, Inc.*, 671 F. Supp. 819, 822 (D. Mass. 1987).

Application of the relevant factors here confirms that the proposed settlement should be finally approved.

### 1. The Strength Of The Lawsuit And The Risk, Expense, Complexity, And Likely Duration Of Further Litigation

As the Ninth Circuit has made clear, the very essence of a settlement agreement is compromise, "a yielding of absolutes and an abandoning of highest hopes." *Officers for Justice*, 688 F.2d at 624. "Naturally, the agreement reached normally embodies a compromise; in exchange for the saving of cost and elimination of risk, the parties each give up something they might have won had they proceeded with litigation . . . ." *Id.*

NCO has raised numerous defenses to the class claims. Many of these defenses are set forth at length in NCO's September 14, 2007 Mediation Statement (15-page, single-spaced), which was filed along with the Parties' Motion for Preliminary Approval. NCO avers that its defenses have merit and would defeat the claims of the putative class. Settlement eliminates any further risk and expense for the Parties. Considering the potential risks and expenses associated with continued prosecution of the Lawsuit, the probability of appeals, the certainty of delay, and the ultimate

15

Fed. R. Civ. P. 53(f) Report and Recommendation
Regarding Final Approval of the Class Action Settlement
Agreement and [Proposed] Order

Case No. 3:07-cv-01413-W-AJB

1    uncertainty of recovery through continued litigation, the proposed settlement is fair,

2    reasonable, and adequate.

3
     Further, while Class Counsel believe strongly in the merit of the class claims,
4
5    they also recognize that any case encompasses risks and that settlement of contested

6    cases is preferred in this circuit.  Indeed, even if Plaintiff were to prevail at trial, risks

7    to the class remain.  *See West Virginia v. Chas. Pfizer & Co.*, 314 F. Supp. 710, 743-

8
     44 (S.D. N.Y. 1970) ("[i]t is known from past experience that no matter how confident
9
10   one may be of the outcome of litigation, such confidence is often misplaced"), *aff'd*,

11   440 F.2d 1079 (2d Cir. 1971); *Berkey Photo, Inc. v. Eastman Kodak Co.*, 603 F.2d 263

12   (2d Cir. 1979) (reversing $87 million judgment after trial).  Considering these factors,

13
     the undersigned finds the settlement fair, reasonable, and adequate.
14
15   ## 2.  *The Amount Offered In Settlement*

16   The Agreement required NCO to establish a $950,000 settlement fund, from

17   which Class Members had the right to make a claim to receive a $70 settlement check.

18
     Although NCO did not hit the $950,000 cap, the Agreement requires NCO to spend at
19
20   least $200,000 between claims and *cy pres*.  In addition to the $200,000 NCO is

21   obligated to spend, NCO is also bound by a Stipulated Injunction, which requires NCO

22   to implement a formal, company-wide training program to ensure that its collectors

23
     understand their obligation to stop calling cell or wireless numbers upon request.
24
25   The fact that very few Class Members made a claim should not deter the Court

26

27

28
     Fed. R. Civ. P. 53(f) Report and Recommendation                    Case No. 3:07-cv-01413-W-AJB
     Regarding Final Approval of the Class Action Settlement
     Agreement and [Proposed] Order

1   from approving the settlement.  Proper notice was given to the Class Members, a

2   claims-procedure was implemented that liberally permitted the making of claims, and

3   the procedure did not require anything to be submitted in writing in order to make a

4

5   claim.  As the court ruled in *Beecher v. Able*, 441 F.Supp.426, 429 (S.D. N.Y. 1977),

6   where a much smaller number of claims were made in a class action than expected,

7   "[i]n such circumstances, the settlement agreement should not lightly be set aside

8   merely because subsequent developments have indicated that the bargain is more

9   beneficial to one side than to the other."  Further, as noted, the settlement here is

10

11   comprised of many components, including the correction of the alleged unlawful

12   conduct through an injunction and a *cy pres* award of approximately $200,000.

13          Considering the claims process implemented here, the injunction requirements,

14   and the substantial *cy pres* award, the undersigned finds the settlement fair, reasonable,

15

16   and adequate.

17          ### 3.  *The Extent Of Discovery Completed*

18          Plaintiff's counsel conducted both informal discovery and formal confirmatory

19   discovery.  The litigation reached the stage where "the parties certainly ha[d] a clear

20

21   view of the strengths and weaknesses of their cases."  *Warner Communications*, 618

22   F.Supp. at 745.  In light of this fact, and considering that the disputed issues between

23   the Parties are legal, *not* factual, in nature, the undersigned finds that the Parties

24

25   exchanged sufficient information to make an informed decision about settlement.  *See*

26

27

28
Fed. R. Civ. P. 53(f) Report and Recommendation                    Case No. 3:07-cv-01413-W-AJB
Regarding Final Approval of the Class Action Settlement
Agreement and [Proposed] Order

1 | *Linney v. Cellular Alaska Partnership*, 151 F.3d 1234, 1239 (9th Cir. 1998).

2 | ### 4.  The Experience And Views Of Class Counsel

3
4
5 | "The recommendations of plaintiffs' counsel should be given a presumption of reasonableness." *Boyd v. Bechtel Corp.*, 485 F. Supp. 610, 622 (N.D. Cal. 1979).  The

6 | presumption of reasonableness in this action is fully warranted because the settlement

7 | is the product of arm's-length negotiations conducted by capable, experienced counsel.

8
9 | *See M. Berenson Co.*, 671 F.Supp. at 822; *Ellis*, 87 F.R.D. at 18 ("the fact that

10 | experienced counsel involved in the case approved the settlement after hard-fought

11 | negotiations is entitled to considerable weight"); Manual for Complex Litigation,

12 | Third § 30.42 (1995).  Here, it is the considered judgment of experienced counsel that

13
14 | this settlement is a fair, reasonable, and adequate settlement of the litigation, which

15 | should be given great weight.

16 | ### 5.  The Reaction Of The Class Members To The Proposed Settlement

17 | As noted, there has been very little resistance to the proposed settlement.  Only

18
19 | 1 objection was submitted by a Class Member, but the objection was withdrawn

20 | shortly after it was submitted and before it was filed.  Further, NCO provided notice of

21 | the settlement to the United States Attorney General and the attorney general of each

22 | of the 50 states, but no federal or state official objected to the settlement.  The absence

23
24 | of any meaningful objection by a Class Member is an important factor in evaluating

25 | the fairness, reasonableness, and adequacy of the settlement and supports approval of

26
27
18

28 | Fed. R. Civ. P. 53(f) Report and Recommendation                    Case No. 3:07-cv-01413-W-AJB
Regarding Final Approval of the Class Action Settlement
Agreement and [Proposed] Order

1   the settlement here.  *See Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974);

2   *Warner Communications*, 618 F. Supp. at 746.

3   ## V.  CONCLUSION

4
5       For the reasons set forth above, the undersigned respectfully recommends that

6   the Court grant the Parties' Motion for Final Approval and enter the attached Final

7   Approval Order (*i.e.*, **Exhibit 1**) and Stipulated Injunction (*i.e.*, **Exhibit 2**).

8   IT IS SO RECOMMENDED,

9

10  This 2nd day of December              2008.

11

12

13  _____
    Special Master Judge Herbert B. Hoffman (Ret.)

14

15

16  IT IS SO ORDERED,

17

18  This ____ day of _____ 2008.

19

20  _____

21  The Honorable Thomas J. Whelan

22  N:\NCO\Bellows, Douglas E. (6947-07-21970) CLASS ACTION\Settlement Pleadings\R&R Re Final Approval\Final Draft R&R Re Final Approval.11.25.08.doc

23

24

25

26

27
                                        19
28  Fed. R. Civ. P. 53(f) Report and Recommendation          Case No. 3:07-cv-01413-W-AJB
    Regarding Final Approval of the Class Action Settlement
    Agreement and [Proposed] Order

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| DOUGLAS E. BELLOWS, on behalf of himself and all others similarly situated, ) | Case No. 3:07-cv-01413-W-AJB |
| Plaintiff, ) | **FINAL ORDER AND JUDGMENT** |
| -against- ) | |
| NCO FINANCIAL SYSTEMS, INC., ) | |
| Defendant. ) | |

On August 2, 2007, plaintiff, Douglas E. Bellows (hereinafter referred to as "Plaintiff" or "Class Representative"), filed the above-captioned class action lawsuit (hereinafter referred to as the "Lawsuit") against defendant, NCO Financial Systems, Inc. (hereinafter referred to as "NCO"). Plaintiff asserted class claims against NCO under the Telephone Consumer Protection Act (hereinafter referred to as the "TCPA"), 47 U.S.C. § 227. Specifically, Plaintiff alleged that NCO violated the TCPA by calling his cellular telephone, without "prior express consent," using an "automatic telephone dialing system" and using an "artificial or prerecorded voice."

NCO denied any and all liability alleged in the Lawsuit.

On December 27, 2007, at the Parties' request, the Court appointed Judge Herbert B. Hoffman (Ret.) to serve as a Special Master per Fed. R. Civ. P. 53. Judge Hoffman was appointed to assist with all settlement issues, including issuing necessary reports and recommendations on proposed findings and orders in the case.

Final Order and Judgment

1

-AJB

**EXHIBIT**

tabbies

1

On August 14, 2008, after extensive arms-length negotiations, and 3 mediations before Special Master Hoffman, Plaintiff and NCO (hereinafter jointly referred to as the "Parties") entered into a Class Action Settlement Agreement (hereinafter referred to as the "Agreement"), which is subject to review under Fed. R. Civ. P. 23. Further, NCO agreed to a 12-month Stipulation and Order for Injunction (hereinafter referred to as the "Stipulated Injunction").

On August 29, 2008, the Parties filed the Agreement, along with their Joint Motion for Preliminary Approval of Class Action Settlement Agreement (hereinafter referred to as the "Preliminary Approval Motion").

In compliance with the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4, on September 4, 2008, NCO served written notice of the proposed class settlement on the United States Attorney General and the attorney general of each state.

On September 10, 2008, upon consideration of the Agreement, Preliminary Approval Motion, Special Master Hoffman's Report and Recommendation, and the record, the Court entered an Order of Preliminary Approval of Class Action Settlement (hereinafter referred to as the "Preliminary Approval Order"). Pursuant to the Preliminary Approval Order, the Court, among other things, (i) preliminarily certified (for settlement purposes only) a class of plaintiffs (hereinafter referred to as the "Class Members") with respect to the claims asserted in the Lawsuit; (ii) preliminarily approved the proposed settlement and Stipulated Injunction; (iii) appointed Plaintiff

Douglas E. Bellows as the Class Representative; (iv) appointed HYDE & SWIGART and the LAW OFFICES OF DOUGLAS J. CAMPION as Class Counsel; and, (v) set the date and time of the Fairness Hearing.

On November 24, 2008, the Parties filed their Motion for Final Approval of Class Action Settlement Agreement (hereinafter referred to as the "Final Approval Motion"). Pursuant to their Final Approval Motion, the Parties request final certification of the settlement class under Fed. R. Civ. P. 23(b)(2) and (b)(3) and final approval of the proposed class action settlement.

On December 2, 2008, a Fairness Hearing was held by Special Master Hoffman pursuant to Fed. R. Civ. P. 23 to determine whether the Lawsuit satisfies the applicable prerequisites for class action treatment and whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interest of the Class Members and should be approved by the Court.

Special Master Hoffman has issued another Report and Recommendation, recommending that the Court finally certify this Lawsuit as a class action and finally approve the proposed class action settlement, as requested by the Parties.

The Court has read and considered the Agreement, Final Approval Motion, Special Master Hoffman's Report and Recommendation, and the record. All capitalized terms used herein have the meanings defined herein and/or in the Agreement.

NOW, THEREFORE, IT IS HEREBY ORDERED:

Final Order and Judgment                                          Case No. 3:07-cv-01413-W-AJB

1.   <u>JURISDICTION</u> – The Court has jurisdiction over the subject matter of the Lawsuit and over all settling parties hereto.

2.   <u>CLASS MEMBERS</u> – Pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3), the Lawsuit is hereby finally certified, for settlement purposes only, as a class action on behalf of the following Class Members with respect to the claims asserted in the Lawsuit:

> All natural and juridical persons within the United States who were called by NCO, without prior express consent, on their paging service, cellular telephone service, mobile radio service, radio common carrier service, or other service for which they were charged for the call, through the use of any automatic telephone dialing system (including an automated dialing machine, dialer, and auto-dialer) or artificial or prerecorded voice, between August 2, 2003 and September 10, 2008, *i.e.*, the date the Order of Preliminary Approval of Class Action Settlement was entered by the Court.

3.   However, the Class Members do not include any officer, director, attorney, or heir or assign of NCO.  Further, the Class Members do not include any judicial officer or juror who may consider this case.

4.   <u>CLASS   REPRESENTATIVE   AND   CLASS   COUNSEL APPOINTMENT</u> – Pursuant to Fed. R. Civ. P. 23, the Court finally certifies Plaintiff Douglas E. Bellows as the Class Representative and HYDE & SWIGART and the LAW OFFICES OF DOUGLAS J. CAMPION as Class Counsel.

5.   <u>NOTICE AND CLAIM PROCESS</u> – Pursuant to the Court's Preliminary Approval Order, NCO, with the cooperation of the third-party class action administrator, complied with the approved notice process.   NCO published the

Final Order and Judgment                                    Case No. 3:07-cv-01413-W-AJB

summary notice in the USA Today in 2 Monday editions on September 22 and 29, 2008.  NCO also posted the full notice on the Settlement Website.  Considering the Class Members were unidentifiable, the form and method for notifying the Class Members of the settlement and its terms and conditions was in conformity with this Court's Preliminary Approval Order and satisfied the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process, and constituted the best notice practicable under the circumstances.  The Court finds that the notice process was clearly designed to advise the Class Members of their rights.  Further, the Court finds that the claim process set forth in the Agreement was followed and that said process was the best practicable procedure under the circumstances.

6.    FINAL CLASS CERTIFICATION – The Court again finds that the Lawsuit satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23, namely:

A.    The Class Members are so numerous that joinder of all of them in the Lawsuit would be impracticable;

B.    There are questions of law and fact common to the Class Members, which predominate over any individual questions;

C.    The claims of the Plaintiff are typical of the claims of the Class Members;

D.    The Plaintiff and Class Counsel have fairly and adequately represented and protected the interests of all of the Class Members; and

E.  Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication of this controversy.

7.  The Court finds that the settlement of the Lawsuit, on the terms and conditions set forth in the Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the Class Members, especially in light of the benefits to the Class Members; the strength of the Plaintiff's case; the complexity, expense, and probable duration of further litigation; the risk and delay inherent in possible appeals; and, the risk of collecting any judgment obtained on behalf of the class.

8.  SETTLEMENT TERMS – The Agreement, which has been filed with the Court and shall be deemed incorporated herein, and the proposed settlement are finally approved and shall be consummated in accordance with the terms and provisions thereof, except as amended by any order issued by this Court. The material terms of the Agreement include, but are not limited to, the following:

A.  NCO must pay Plaintiff $1,000 for his services as the Class Representative;

B.  NCO must pay each of the 29 Class Members who made a timely accepted claim $70;

C.  NCO must pay a total *cy pres* award of $197,970 to one or more

Final Order and Judgment                    Case No. 3:07-cv-01413-W-AJB

mutually agreed-upon organizations, subject to approval by Special Master Hoffman;

D.    NCO must comply with the Stipulated Injunction filed with the Court and entered along herewith; and

E.    NCO must pay Class Counsel a total of $300,000 in attorneys' fees, costs, and expenses.

9.    STIPULATED INJUNCTION – The Court finally approves and hereby enters the Stipulated Injunction. Pursuant to the Stipulated Injunction, NCO shall (i) conduct regular training sessions with all NCO debt collectors to ensure that they understand their obligation to stop calling a consumer's cell phone or other wireless number when requested by the consumer; (ii) revise its FDCPA collector testing materials to include questions regarding a collector's obligation to stop calling a consumer's cell phone or other wireless number when requested by the consumer; and, (iii) use its best efforts to ensure that all existing and newly hired NCO debt collectors execute an acknowledgement confirming their understanding of their obligation to stop calling cell or wireless numbers upon request. As set forth in the Stipulated Injunction, NCO shall also provide Class Counsel proof of compliance with the injunction and shall comply with the provisions permitting Class Counsel to ensure compliance with the Stipulated Injunction. The Stipulated Injunction will lapse and expire 12 months after it is entered by the Court.

10.    EXCLUSIONS AND OBJECTIONS – A total of 67 exclusions were

Final Order and Judgment                                  Case No. 3:07-cv-01413-W-AJB

1  timely submitted, but NCO has objected to 62 of the exclusions submitted by Donald

2  A. Yarbrough, as the purported lawyer for the 62 proposed opt-outs.  NCO contends

3

4  the 62 exclusions submitted by Mr. Yarbrough were not submitted in compliance with

5  the Court's Preliminary Approval Order because the Class Members did not sign their

6  exclusions.  NCO requests that these 62 exclusions be ruled upon in a separate order,

7  so as not to delay the finality of this order.

8

9        11.    As requested, the Court will rule upon the validity of the 62 exclusions

10  submitted by Mr. Yarbrough in a separate order.  As to the remaining 5 Class

11  Members who made valid and timely requests for exclusion (*i.e.*, Daniel Laplante;

12  Kevin T. Lemieux; Gretchen Moehrle; Carolyn Palmer; and, Lewis A.D. Smith), the

13

14  Court hereby excludes these individuals from the class and settlement.

15        12.    The Class Members were given an opportunity to object to the

16  settlement.  Only 1 Class Member filed an objection, but the objection was withdrawn.

17        13.    This order is binding on all Class Members, except those individuals

18  identified in ¶ 11 above, who validly and timely excluded themselves from the class.

19

20        14.    <u>RELEASE OF CLAIMS AND DISMISSAL OF LAWSUIT</u> – The Class

21  Representative, Class Members, and their successors and assigns are permanently

22  barred and enjoined from instituting or prosecuting, either individually or as a class, or

23  in any other capacity, any of the Released Claims against any of the Released Parties,

24

25  as set forth in the Agreement.  Pursuant to the release contained in the Agreement, the

26  Released Claims are compromised, settled, released, discharged, and dismissed with

27

28

1  prejudice by virtue of these proceedings and this order.

2       15.    The Lawsuit is hereby dismissed with prejudice in all respects.

3

4       16.    This order is not, and shall not be construed as, an admission by NCO of

5  any liability or wrongdoing in this or in any other proceeding.

6       17.    Without affecting the finality of this Final Order and Judgment in

7  anyway, the Court hereby retains continuing and exclusive jurisdiction over the Parties

8  and all matters relating to the Lawsuit and/or Agreement, including the administration,

9

10  interpretation, construction, effectuation, enforcement, and consummation of the

11  settlement and this order.

12                                    ORDER

13  IT IS SO ORDERED.

14

15  DATED: _____    _____

16                            THE HONORABLE THOMAS J. WHELAN
                              UNITED STATES DISTRICT COURT JUDGE

17  N:\NCO\Bellows, Douglas E. (6947-07-21970) CLASS ACTION\Settlement Pleadings\R&R Re Final Approval\Exhibit 2.Final Order and Judgment.doc

18

19

20

21

22

23

24

25

26

27

28

Final Order and Judgment                                    Case No. 3:07-cv-01413-W-AJB

1

## UNITED STATES DISTRICT COURT

2

## SOUTHERN DISTRICT OF CALIFORNIA

3

4   DOUGLAS E. BELLOWS, on behalf of )          Case No. 3:07-cv-01413-W-AJB
    himself and all others similarly situated, )

5                          Plaintiff,          )          **STIPULATION AND
                                               )          [PROPOSED] ORDER FOR
6                                              )          INJUNCTION**

7        -against-                             )
                                               )
8   NCO FINANCIAL SYSTEMS, INC.,               )
                                               )
9                          Defendant.          )

10  ─────────────────────────────────────────)

11       Plaintiff, Douglas E. Bellows, and defendant, NCO Financial Systems, Inc.

12  (hereinafter referred to as "NCO"), jointly submit this Stipulation and [Proposed]

13  Order for Injunction (hereinafter referred to as the "Stipulated Injunction").

14

15       For purposes of this Stipulated Injunction, Plaintiff and NCO (hereinafter

16  jointly referred to as the "Parties") agree upon the following predicate procedural

17  history and facts:

18       A.    On August 2, 2007, Plaintiff filed this class action lawsuit (hereinafter

19
20  referred to as the "Lawsuit") against NCO, asserting class claims under the Telephone

21  Consumer Protection Act (hereinafter referred to as the "TCPA"), 47 U.S.C. § 227.

22       B.    Specifically, Plaintiff alleged that NCO violated the TCPA by calling his

23
24  cellular telephone, without "prior express consent," using an "automatic telephone

25  dialing system" and using an "artificial or prerecorded voice."

26       C.    NCO denied any and all liability asserted in the Lawsuit.

27

28
    Stipulation and [Proposed] Order for Injunction          1

**EXHIBIT**

*tabbies*

2

D.    Following extensive settlement discussions and 3 all day mediation sessions, the Parties reached a settlement.  The final settlement is set forth in the Parties' Class Action Settlement Agreement.

E.    NCO, without admitting any liability as to any of the allegations, acknowledges that Plaintiff's claims are the sole catalyst for entering into this Stipulated Injunction.

WHEREFORE, IT IS HEREBY STIPULATED, by and between the Parties, that the following injunction be entered by the Court without further notice or process:

1.    TRAINING – Commencing no later than sixty (60) days after the Final Order and Judgment becomes final, NCO shall conduct regular training sessions with all of its debt collectors to ensure that they understand their obligation to stop calling a consumer's cell phone or other wireless number when requested by the consumer. Further, NCO shall use its best efforts to ensure that it stops calling a consumer's cell phone or other wireless number when requested by the consumer.

2.    REVISING TESTING MATERIALS – NCO shall revise its FDCPA collector testing materials to include questions regarding a collector's obligation to stop calling a consumer on his or her cell phone or other wireless number when requested by the consumer.

3.    ACKOWLEDGEMENTS – NCO shall use its best efforts to ensure that all existing and newly hired NCO debt collectors execute an acknowledgement confirming their understanding of their obligation to stop calling a consumer's cell or

wireless number upon request by the consumer.

4.     LENGTH OF INJUNCTION – This Stipulated Injunction will lapse and expire 12 months after it is entered by the Court.

5.     CONFIRMING COMPLIANCE – NCO shall submit proof of compliance with this Stipulated Injunction to Class Counsel by way of providing the training and testing materials used in the training upon the commencement of such training.  Furthermore, a declaration of the responsible person at NCO for ensuring compliance with the training requirements of this injunction shall be provided upon completion of the training.  Class Counsel shall be provided such other documentation of compliance as they might deem necessary to confirm compliance, upon request, subject to either party seeking review by the Special Master as to the reasonableness of the request(s).

6.     At the end of this 12-month Stipulated Injunction, NCO shall submit to Class Counsel a declaration from its training coordinator confirming that training was provided on a regular basis during the 12-month injunction term, as required by ¶ 1 above.  Further, at the end of this 12-month Stipulated Injunction, NCO shall also submit to Special Master Hoffman an exemplar of the revised FDCPA testing materials to confirm NCO's compliance with ¶ 2 above.

7.     RETAINING JURISDICTION – The Court shall retain jurisdiction to enter further orders as may be necessary or appropriate to implement and/or enforce the provisions of this Stipulated Injunction.  NCO specifically consents to personal

1  jurisdiction and venue in this Court.

2       8.      ALTERATION OR MODIFICATION OF INJUNCTION – During the

3  12-month term of this Stipulated Injunction, both NCO and Plaintiff have the right to

4
5  seek relief from, or modification of, the Stipulated Injunction based upon an unfair

6  burden on the business, or a change in the law.  Any request for alteration or

7  modification of the Stipulated Injunction shall be made to Special Master Hoffman.

8
9  Any alteration or modification of the Stipulated Injunction shall not extend the length

10  of the 12-month injunction.  Any alteration or modification in the Stipulated Injunction

11  shall only apply prospectively for the remainder of the 12-month injunction.

12  IT IS SO STIPULATED.

13

14  s/ Douglas J. Campion, Esq.                    s/ David Israel, Esq.

15  Joshua B. Swigart, Esq. (CSB No. 225557)      David Israel, Esq. (LSB No. 7174)
16  HYDE & SWIGART                                Bryan C. Shartle, Esq. (LSB No. 27640)
    411 Camino Del Rio South, Suite 301           SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.P.
17  San Diego, CA  92108                          3850 North Causeway Blvd., Suite 200
    Telephone:    (619) 233-7770                  Metairie, LA  70002
18  Facsimile:    (619) 297-1022                  Telephone:    (504) 828-3700
                                                  Facsimile:    (504) 828-3737
19  Douglas J. Campion, Esq. (CSB No. 75381)
20  LAW OFFICES OF DOUGLAS J. CAMPION            Debbie P. Kirkpatrick, Esq. (CSB No. 207112)
    411 Camino Del Rio South, Suite 301           SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.P.
21  San Diego, CA  92108                          3667 Voltaire Street
    Telephone:    (619) 299-2091                  San Diego, CA  92106
22  Facsimile:    (619) 858-0034                  Telephone:    (619) 758-1891
                                                  Facsimile:    (619) 222-3667
23  Attorneys for Plaintiff and the Settlement
24  Class                                         Attorneys for Defendant

25

26

27

28

4

1

## ORDER

2

IT IS SO ORDERED.

3

DATED: _____

4

_____

THE HONORABLE THOMAS J. WHELAN

5

UNITED STATES DISTRICT COURT JUDGE

N:\NCO\Bellows, Douglas E. (6947-07-21970) CLASS ACTION\Settlement Pleadings\R&R Re Final Approval\Exhibit 3.Injunction.doc

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5